Wang v. Lynch

BIA
Nelson, IJ
A098 862 352

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of August, two thousand sixteen.

PRESENT:
            ROBERT D. SACK,
            REENA RAGGI,
            SUSAN L. CARNEY,
                  *Circuit Judges.*
_____

HAICHEN WANG,
            *Petitioner,*

            v.                                          14-3995
                                                        NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
            *Respondent.*
_____

FOR PETITIONER:          Zhong Yue Zhang, Esq., Flushing, New
                         York.

FOR RESPONDENT:          Benjamin C. Mizer, Principal Deputy
                         Assistant     Attorney    General;
                         Jennifer   P.   Levings,   Senior
                         Litigation Counsel; Julia J. Tyler,

Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Haichen Wang, a native and citizen of the People's Republic of China, seeks review of an October 21, 2014 decision of the BIA affirming a July 17, 2012 decision of an Immigration Judge ("IJ") denying Wang's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Haichen Wang,* No. A098 862 352 (B.I.A. Oct. 21, 2014), *aff'g* No. A098 862 352 (Immig. Ct. N.Y. City July 17, 2012). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the IJ's decision, including the portions not explicitly discussed by the BIA, *see Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005), applying well established standards of review, *see*

2

8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

Where, as here, an asylum application is governed by the REAL ID Act, the agency may, "[c]onsidering the totality of the circumstances," base a credibility finding on an asylum applicant's "demeanor, candor, or responsiveness," the plausibility of his account, and inconsistencies in his statements, "without regard to whether" they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *see Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165 (2d Cir. 2008). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167.

Here, substantial evidence supports the IJ's adverse credibility determination. The IJ reasonably relied on inconsistencies between Wang's testimony and the letters submitted by his wife and son, and on Wang's demeanor. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). Wang's asylum application stated that his wife was taken to a police station in 2005, where she was beaten and abused; he testified consistently with this

3

statement, and added that his wife was arrested.  However, the letters Wang submitted from his wife and son stated that his wife was hit and that her house was searched, but did not mention an arrest or her being taken to the police station.  The IJ reasonably relied on this omission of relevant information. *See Xiu Xia Lin*, 534 F.3d at 166 n.3.  As this incident is the main proof Wang offers for the proposition that Chinese authorities are aware of his political activism in the United States, the inconsistency is particularly damaging to his credibility.  *See Xian Tuan Ye v. Dep't of Homeland Sec.*, 446 F.3d 289, 295 (2d Cir. 2006).

Wang's credibility was further undermined by his lack of corroborating evidence.  *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007).  The IJ was not required to credit the letters from Wang's wife and son, which were the only evidence indicating that Chinese authorities were aware of Wang's political activism.  In addition to conflicting with Wang's testimony, *see Xiu Xia Lin*, 534 F.3d at 166 n.3, the letters were unsworn and were written by interested parties who were unavailable for cross-examination, *see Y.C. v. Holder*, 741 F.3d 324, 334 (2d Cir. 2013).

4

The adverse credibility determination is also supported by the IJ's observations of Wang, who frequently hesitated before answering questions during cross-examination. We afford particular deference to an IJ's assessment of an applicant's demeanor, especially when those observations are supported by specific inconsistencies in the record. *See Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006); *Jin Chen v. U.S. Dep't of Justice*, 426 F.3d 104, 113 (2d Cir. 2005).

Thus, substantial evidence supports the IJ's adverse credibility determination regarding Wang's contention that Chinese authorities are aware of his political activism. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin*, 534 F.3d at 165-66. Because asylum, withholding of removal, and CAT relief all turn on this proposition, the credibility determination is dispositive of his petition. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006). Accordingly , the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal

Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                        FOR THE COURT:
                        Catherine O'Hagan Wolfe, Clerk of Court